# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CORNERSTONE CONSTRUCTION COMPANY OF TENNESSEE, LLC and ZACHARY GOODGAME, | )<br>)<br>) |
| Plaintiffs, | ) No. 3:19-cv-00402 |
| v. | ) District Judge Mattice<br>) Magistrate Judge Guyton |
| BUILDERS MUTUAL INSURANCE COMPANY, | ) JURY DEMAND |
| Defendant. | ) |

## MOTION FOR REMAND OR, ALTERNATIVELY, TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs Cornerstone Construction Company of Tennessee, LLC and Zachary Goodgame respectfully move this court for the entry of an order remanding this action to the Chancery Court for Williamson County, Tennessee. Alternatively, Plaintiffs move the court to transfer this action to the United States District Court for the Middle District of Tennessee.

This case should be remanded for two separate reasons. First, the court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1332(b). As set forth in Plaintiffs' Complaint, Plaintiffs **_only_** seek a declaratory judgment regarding Defendant Builders Mutual Insurance Company's duty to defend – i.e., pay legal fees in defense of claims. Plaintiffs **_do not_** seek a judgment at this time as to Defendant's indemnity obligations. Second, abstention is warranted in accordance with the factors articulated in Grand T. W. R. Co. v. Consolidated Rail Corp., 746 F.2d 323 (6th Cir. 1984).

Alternatively, this action should be transferred to the United States District Court for the Middle District of Tennessee.  Defendant failed to file its Notice of Removal in "the district court of the United States for the district and division within which such action is pending" as required by 28 U.S.C. § 1446(a).  As such, transfer of venue is warranted.  See Smith v. Cariten Ins. Co., 2008 U.S. Dist. LEXIS 47911 (E.D. Tenn. Jun. 20, 2008).

Finally, pursuant to 28 U.S.C. § 1447(c), Plaintiffs move the court for an award of just costs and any actual expenses, including attorney fees, incurred as a result of the wrongful removal.  Plaintiffs request leave to prove said amounts through a post-ruling declaration from undersigned counsel.

Respectfully submitted,

KAY GRIFFIN, PLLC


 s/ Michael A. Johnson
MICHAEL A. JOHNSON (#30210)
222 Second Avenue North
Suite 340M
Nashville, Tennessee 37201
mjohnson@kaygriffin.com
615-742-4800

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been served via the CM/ECF system upon:

David A. Draper
Lewis, Thomason, King, Krieg & Waldrop, P.C.
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
ddraper@lewisthomason.com

Daniel W. Olivas
Lewis, Thomason, King, Krieg & Waldrop, P.C.
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
dolivas@lewisthomason.com

on this the 11th day of November, 2019.

s/ Michael A. Johnson