# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CORNERSTONE CONSTRUCTION ) <br> COMPANY OF TENNESSEE, LLC and ) <br> ZACHARY GOODGAME, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BUILDERS MUTUAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | No. 3:19-cv-00402 <br><br> **District Judge Mattice** <br> **Magistrate Judge Guyton** <br><br> **JURY DEMAND** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
REMAND OR, ALTERNATIVELY, TO TRANSFER VENUE**

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs Cornerstone Construction Company of Tennessee, LLC ("Cornerstone") and Zachary Goodgame respectfully submit the following memorandum of law in support of their motion for the entry of an order remanding this action to the Chancery Court for Williamson County, Tennessee or, alternatively, transferring this action to the United States District Court for the Middle District of Tennessee. In support of this memorandum, Plaintiffs state:

**I.     Background Facts**

Cornerstone is a company engaged in the business of general contracting in the Middle Tennessee area. (Complaint at ¶ 1.) Mr. Goodgame is the sole member of Cornerstone. (Complaint at ¶ 2.)

Defendant Builders Mutual Insurance Company is an insurance company that specializes in insuring persons and businesses in the construction trade. (Complaint at ¶ 3.)

Cornerstone was the general contractor for the construction of a single-family residence located at 1086 Tullos Road, Franklin, Williamson County, Tennessee ("Residence"). (Complaint at ¶ 5.)

In June 2019, Adam, Amber, Ansley, Addison, Ralph and Catherine Mabry filed suit against the Plaintiffs in Williamson County Chancery Court related to alleged defects in the construction of the Residence and alleged personal injuries arising from the construction of the Residence, Case No. 48450J ("Underlying Lawsuit"). (Complaint at ¶ 6.)

Defendant insured the Plaintiffs under a Commercial Package Policy from October 2014 through October 2017, Policy Nos. CPP 0064972 00, CPP 0064972 01 and CPP 0064972 02 (collectively the "Policies"). (Complaint at ¶ 7.)

On June 20, 2019, the Plaintiffs tendered the Underlying Lawsuit to Defendant for defense and indemnity. (Complaint at ¶ 8.) By letter dated August 24, 2019, Defendant denied the Plaintiffs' request for defense and indemnity in the Underlying Lawsuit. (Complaint at ¶ 9.) By letter dated August 26, 2019, the Plaintiffs again demanded that Defendant assume their defense in the Underlying Lawsuit. (Complaint at ¶ 10.)

As a result of Defendant's refusal to defend the Plaintiffs in the Underlying Lawsuit, the Plaintiffs filed a separate lawsuit in Williamson County Chancery Court against Defendant seeking declaratory relief as to Defendant's defense obligations in the Underlying Lawsuit. (Complaint.)

On October 14, 2019, Defendant filed a Notice of Removal. (D.E. 1.) Although the Notice of Removal states that it is being filed in the "U.S. District Court for the Middle District of Tennessee at Nashville", it was actually filed in the United States District Court for the

Eastern District of Tennessee. (D.E. 1.) The court can take judicial notice that Williamson County is located in the Middle Tennessee Federal District.

## II. Legal Standard

28 U.S.C. § 1447(c) governs remand and provides as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Addressing the burden of proof to be applied in evaluating a removal to Federal Court, the Sixth Circuit Court of Appeals in <u>Eastman v. Marine Mech. Corp.</u> held:

> The provisions of section 1441(b) require a defendant to demonstrate that a district court would have original jurisdiction over a civil action in order to invoke the federal court's removal jurisdiction. Id. at 757. ***The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction***. Ibid.; Conrad v. Robinson, 871 F.2d 612, 614 (6th Cir. 1989). "***Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand***." Brown v. Francis, 33 V.I. 385, 75 F.3d 860, 864-65 (3d Cir. 1996); see also Her Majesty the Queen in Right of the Province of Ontario, 874 F.2d at 339.

438 F.3d 544, 549-550 (6th Cir. 2006) (emphasis added).

## III. Legal Argument

### A. This Action Should Be Remanded Because The District Court Lacks Subject Matter Jurisdiction.

Federal Courts "place[] a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." <u>Hayes v. Equitable Energy Res. Co.</u>, 266 F.3d 560, 572 (6th Cir. 2001) (citation

omitted). "Conclusory statements" as to the alleged amount in controversy are wholly inadequate for a removing defendant to carry its burden. Leys v. Lowe's Home Ctrs., Inc., 601 F. Supp. 2d 908, 917-919 (W.D. Mich. January 9, 2009); see also Gatliff v. Firestone Indus. Prods. Co., LLC, 2012 U.S. Dist. LEXIS 48746, *4 (E.D. Ky. April 5, 2012) ("This Court has held that a defendant cannot satisfy his burden merely by making a conclusory assertion that the amount in controversy requirement is met.") (citation omitted).

In Paragraph 7 of the Notice of Removal, Defendant asserts – without any basis whatsoever – that "the amount involved in the controversy is in excess of $75,000.00, exclusive of interest and costs". (D.E. 1.)

As set forth in Plaintiffs' Complaint, Plaintiffs ***only*** seek a declaration as to Defendant's defense obligations under the Policies related to the Underlying Lawsuit. Under Tennessee law, "contracts of insurance are strictly construed in favor of the insured", Martin v. Powers, 505 S.W.3d 512, 517 (Tenn. 2016) (citation omitted), and "[t]he duty to defend is broader than the duty to indemnify. … If even one of the allegations is covered by the policy, the insurer has a duty to defend, irrespective of the number of allegations that may be excluded by the policy", York v. Vulcan Materials Co., 63 S.W.3d 384, 388, (Tenn. App. 2001) (citation omitted). In fact, an "insurance company cannot refuse to defend unless 'it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage.'" Id. (citation omitted).

Plaintiffs ***do not*** in this action seek a declaration as to Defendant's indemnity obligations under the Policies. Furthermore, Plaintiffs do not reasonably anticipate that the cost of defending a garden variety residential construction defect lawsuit would remotely approach $75,000.00. Defendant's Notice of Removal is merely a conclusory allegation as to the amount in

controversy, with no supporting factual basis, and does not satisfy the Defendant's burden under Eastman, Hayes, Levy and Gatliff. Because "all doubts are resolved in favor of remand", Eastman, supra, this action should be remanded to the Chancery Court for Williamson County, Tennessee.

> **B.   Alternatively, This Court Should Abstain From Exercising Jurisdiction In Accordance With <u>Grand Trunk</u>.**

The exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory. See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). In Grand T. W. R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984), the Sixth Circuit Court of Appeals adopted a doctrine of abstention with respect to actions seeking insurance-related declaratory judgments. In determining whether to abstain, the court in Grand Trunk instructed federal district courts to consider the following factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

746 F.2d at 326. In addition to these factors, courts have considered various other items, including "whether federal common or statutory law dictates a resolution of the declaratory judgment action". Clifford v. Church Mut. Ins. Co., 2013 U.S. Dist. LEXIS 168761, *11 (S.D. Oh. Nov. 27, 2013), quoting Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 560 (6th Cir. 2008), quoting Bituminous Cas. Corp. v. J&L Lumber Co., Inc., 373 F.3d 807, 814-15 (6th Cir. 2004).

District courts have applied these same factors in determining whether to abstain from exercising jurisdiction over an insurance-related declaratory judgment action removed from state

to federal court.  See e.g., McCormack v. Scottsdale Ins. Co., 130 F. Supp. 3d 1069 (E.D. Mich. September 10, 2015) (remanding an insurance coverage declaratory judgment action removed from state to federal court).

Plaintiffs submit that abstention is warranted under Grand Trunk.  First, this action will not settle the controversy between the parties – rather, it will merely resolve Defendant's defense obligations.  Second, Plaintiffs submit that the Williamson County Chancery Court – which is where **_both_** this action and the Underlying Lawsuit were filed – sits in a better position to resolve factual disputes between the parties.  Finally, the legal issues raised in this case deal with fundamental policy matters concerning an insurance carrier's defense obligations to its insured under Tennessee law.  Plaintiffs submit that such policy issues should be resolved at the state court level.  For these reasons, abstention and remand to state court are warranted.

      **C.**    **Alternatively, This Action Should Be Transferred To The United States District Court For The Middle District Of Tennessee.**

This action should be transferred to the United States District Court for the Middle District of Tennessee.  Defendant failed to file its Notice of Removal in "the district court of the United States for the district and division within which such action is pending" as required by 28 U.S.C. § 1446(a).  As such, transfer of venue to the Middle District of Tennessee is warranted. See Smith v. Cariten Ins. Co., 2008 U.S. Dist. LEXIS 47911 (E.D. Tenn. Jun. 20, 2008).

**IV.**    **Conclusion**

Based on the foregoing, Plaintiffs move the court for the entry of an order remanding this action to the Chancery Court for Williamson County, Tennessee or, alternatively, transferring this action to the United States District Court for the Middle District of Tennessee.  Pursuant to 28 U.S.C. § 1447(c), Plaintiffs further move the court for an award of just costs and any actual

expenses, including attorney fees, incurred as a result of the wrongful removal. Plaintiffs request leave to prove said amounts through a post-ruling declaration from undersigned counsel.

                         Respectfully submitted,

                         KAY GRIFFIN, PLLC

                         s/ Michael A. Johnson
                         MICHAEL A. JOHNSON (#30210)
                         222 Second Avenue North
                         Suite 340M
                         Nashville, Tennessee 37201
                         mjohnson@kaygriffin.com
                         615-742-4800

                         *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing memorandum has been served via the CM/ECF system upon:

David A. Draper
Lewis, Thomason, King, Krieg & Waldrop, P.C.
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
ddraper@lewisthomason.com

Daniel W. Olivas
Lewis, Thomason, King, Krieg & Waldrop, P.C.
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
dolivas@lewisthomason.com

on this the 11th day of November, 2019.

/s/ Michael A. Johnson