IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CORNERSTONE CONSTRUCTION )
COMPANY OF TENNESSEE, LLC, et al., )
)
Plaintiffs, ) NO. 3:19-cv-01056
) JUDGE RICHARDSON
v. )
)
BUILDERS MUTUAL INSURANCE CO., )
)
Defendant. )

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' Motion to Remand[1] (Doc. No. 8) ("Motion"). Defendant has filed a response in opposition (Doc. No. 13), and Plaintiffs have filed a reply (Doc. No. 18).

## BACKGROUND

This action, involving an insurance dispute, was originally filed in the Chancery Court for Williamson County, Tennessee. (Doc. No. 1 at 4). Plaintiffs allege that Plaintiff Cornerstone Construction Company of Tennessee ("Cornerstone") was the general contractor for construction of a home ("Residence") in Franklin, Tennessee, and that, during the relevant time period, Defendant insured Cornerstone under a commercial package policy comprising three different policies. Plaintiffs assert that the Mabrys, owners of the Residence, sued Plaintiffs in the Chancery Court of Williamson County, Tennessee ("the Underlying Litigation") related to alleged defects

---

[1] This case was originally filed in the Eastern District of Tennessee, and as originally filed in that district, this motion was a Motion for Remand or, Alternatively, to Transfer Venue. The court for the Eastern District granted the Motion to Transfer Venue and left the Motion for Remand for this Court's determination. *See* Doc. No. 11.

in the construction of the Residence and personal injuries allegedly caused by that construction. (*Id*. at 5).

Plaintiffs allege that they tendered defense of the Underlying Litigation to Defendant for both defense and indemnity, but Defendant denied Plaintiff's request. Plaintiffs contend that, as a result of Defendant's refusal to defend Plaintiffs in the Underlying Litigation, Plaintiffs have been required to retain and pay their own attorney to defend them. (Doc. No. 1 at 5-6). Plaintiffs' Complaint alleges causes of action for breach of contract, including a bad faith claim; declaratory judgment; and injunctive relief. (*Id.* at 6-7). Plaintiffs seek the following relief: "compensatory, consequential and incidental damages" in an amount to be determined at trial; injunctive relief; declaratory relief; pre-judgment interest; post-judgment interest; that all costs be taxed to Defendant; and "such other and further relief to which they may be entitled." (*Id*. at 7).

Defendant removed the case from the Williamson County Chancery Court to federal court,[2] pursuant to 28 U.S.C. § 1332, asserting diversity of citizenship between Plaintiffs and Defendant and an amount in controversy in excess of $75,000. (Doc. No. 1 at 2). Now Plaintiffs ask the Court to remand this case back to the state court, arguing that the amount in controversy does *not* exceed $75,000.

## REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may generally remove to federal court "any civil action brought in a State court" if a federal court has original jurisdiction over the action. *Meadows v. Douglass*, No. 3:20-cv-00355, 2020 WL 2319784, at *1 (M.D. Tenn. May 11, 2020). After a case has been removed from state court, a district court must remand "[i]f at any time before final

---

[2] Defendant admits that it inadvertently filed the removal papers in the U.S. District Court for the Eastern District of Tennessee, rather than here. (Doc. No. 13 at 2).

judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). It is the removing party's burden to show that the district court has jurisdiction in a case, and all doubts are resolved in favor of remand. *Meadows*, 2020 WL 2319784, at *1 (citing *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007)).

## AMOUNT IN CONTROVERSY

Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Plaintiffs do not dispute that there is diversity of citizenship here. In determining whether Section 1332's "amount in controversy" requirement is met, federal courts look to the amount alleged in the complaint. *Leys v. Lowe's Home Centers, Inc.*, 601 F. Supp. 2d 908, 914 (W.D. Mich. 2009) (citing *Mitan v. Int'l Fidelity Ins. Co.,* 23 F. App'x 292, 297 (6th Cir.2001)).

Plaintiffs maintain that this action is only a declaratory judgment action seeking only a declaration that Defendant must, under the terms of its insurance policies with Plaintiffs, provide a defense for Plaintiffs in the Underlying Litigation. Plaintiffs argue that they are not, in this case, seeking indemnity for any amounts for which they may become liable to the Mabrys. Thus, Plaintiffs contend, the amount in controversy is simply and solely the amount of providing a defense for them in the Underlying Litigation, and they "do not reasonably anticipate that the cost of defending a garden variety residential construction defect lawsuit would remotely approach $75,000." (Doc. No. 9 at 4).

The problem with Plaintiffs' argument is that their Complaint does *not* seek only a declaratory judgment and neither is the amount in controversy solely the amount of providing Plaintiffs' defense. As noted above, Plaintiffs have alleged three causes of action, only one of

which is declaratory judgment. Plaintiffs ask the Court to find that Defendant breached its contract (policies) with Plaintiffs by refusing to defend Plaintiffs in the underlying lawsuit and that Defendant did so in bad faith. Plaintiffs "demand" compensatory, consequential, and incidental damages from Defendant, placing no limit on the amount of those damages. Even though Plaintiffs are not asking, in this case, for indemnity for the claims in the Underlying Litigation, Plaintiffs are not seeking simply a declaration. Neither are they seeking simply a defense.

The Court does not dispute Plaintiffs' argument that this case involves only the issue of whether Defendant must provide a defense. Even the breach of contract claim is based on this issue, and whether Defendant must provide a defense differs from whether Defendant must indemnify Plaintiffs for any judgment entered against them. The duty to defend (under an insurance policy) is broader than the duty to indemnify. *York v. Vulcan Materials Co.*, 63 S.W.3d 384, 387–88 (Tenn. Ct. App. 2001). But even excluding potential indemnity amounts from the amount in controversy does not change the fact that Plaintiffs' demand in this action reasonably exceeds $75,000. According to Defendant (Doc. No. 13 at 7), the costs of defense will clearly exceed $75,000, given the nature of the Mabrys' claims and the need to defend against both property and personal injury claims. And Plaintiffs seek remedies besides just Defendant's provision of a defense; Plaintiffs also seek damages, for Defendant's alleged breach of the policies and bad-faith failure to defend Plaintiffs.[3] Defendant has carried its burden, as the party seeking

---

[3] Defendant correctly notes that, in declaratory judgment actions, the amount in controversy requirement is measured by the value of the object of the litigation. *Allstate Ins. Co. v. Renou*, 32 F. Supp. 3d 856, 860 (E.D. Mich. 2014). The value of the object of the litigation measured from the plaintiff's perspective is the monetary value of the benefit that would flow to the plaintiff if the relief he is seeking were granted. *Id.* at 361. Here, if the relief Plaintiffs are seeking were granted, they would be awarded the costs of their defense in the Underlying Litigation, plus damages for breach of the polices and bad-faith failure to defend.

removal, to show that the amount in controversy here more likely than not exceeds $75,000. *See Tenn. Farmers Mut. Ins. Co. v. Cummins, Inc.*, No. 3:19-cv-492-TAV-DCP, 2020 WL 620280, at *1 (E.D. Tenn. Feb. 10, 2020) (where plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, defendant bears the burden of establishing that the amount in controversy "more likely than not" exceeds $75,000).

Therefore, Plaintiffs' Motion to Remand on the basis of the amount in controversy must be denied.

## **EXERCISE OF DISCRETION TO HEAR DECLARATORY JUDGMENT CLAIM**

Plaintiffs also argue that the Court, in its discretion, should "abstain" from hearing this declaratory judgment action. As noted above, this is not simply a declaratory judgment action. Nonetheless, the Court will look to whether it should decline to hear—not to say "abstain"—[4]from the declaratory judgment portion of this action.

The Declaratory Judgment Act provides that in a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C.

---

[4] Plaintiffs describe the Sixth Circuit, in *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), as "adopt[ing] a doctrine of abstention with respect to actions seeking insurance-related declaratory judgments." (Doc. No. 9 at 5). *Grand Trunk*, however, actually did not refer to *abstention*, which is something different from the notion of declining to entertain a request for relief in the form of a declaratory judgment in particular, based on factors specific to declaratory judgment actions. True, one of the so-called abstention doctrines can apply to preclude the Court's exercise of jurisdiction over a declaratory judgment claim, and some of the considerations applicable to some of the abstention doctrines are mirrored in the five factors specific to declaratory judgments. But that is not say that the Court's declination of jurisdiction over a declaratory judgment action based on those five factors constitutes "abstention" as the term is properly used. So the Court herein will refer to declination of jurisdiction rather than "abstention."

§ 2201. The Declaratory Judgment Act empowers the district court to entertain certain actions, but it does not compel the court to exercise the jurisdiction thus granted to it. *Commc'ns Unlimited Contracting Servs., Inc. v. Comdata, Inc.*, No. 3:17-cv-01158, 2020 WL 606592, at *8 (M.D. Tenn. Feb. 7, 2020). The existence of the court's discretion not to hear a declaratory judgment action, even where jurisdiction exists, is undisputed. *Id.* Where a court has the power to grant declaratory relief as to an actual controversy, the court nevertheless retains discretion to deny such relief. *Id*.

As Plaintiffs note, in deciding whether to exercise jurisdiction over a declaratory action, district courts in this Circuit consider five factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Nationwide Affinity Ins. Co. of Am. v. Richards*, --- F. Supp. 3d ---, 2020 WL 475833, at *5 (W.D. Tenn. Jan. 29, 2020). These factors are based upon the holding in *Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.,* 746 F.2d 323 (6th Cir. 1984).

Plaintiffs first argue that the Court should decline to hear "this action" because it "would not settle the controversy between the parties." (Doc. No. 9 at 6). Plaintiffs also argue that the state court sits in a better position to resolve factual disputes between the parties, and the legal issues in this case deal with fundamental policy matters under Tennessee law. (*Id*.). Otherwise, Plaintiffs do not address the five factors. Defendant disputes each of Plaintiffs' arguments.

The Court believes that resolution of the declaratory judgment claim will settle the crux— if not all aspects of—the current dispute. As Plaintiffs note, the *current* dispute is about whether

Defendant has a duty to defend; a dispute about duty to indemnify will be broached, if at all, only later. And the declaratory judgment sought by Plaintiffs would address this directly, because Plaintiffs seek "a declaratory judgment holding that [Defendant] has a duty to defend" Plaintiffs in the Underlying Lawsuit. (Doc. No. 1 at 7).

It is true that such a ruling would not resolve all issues implicated by the current controversy, since (although, as noted, Plaintiffs ignore this fact) the current dispute involves claims for damages, which cannot be resolved completely via such a declaratory judgment ruling. But the existence of these damages claims actually hurts, rather than helps, Plaintiffs here. As noted above, the Court has subject-matter jurisdiction over the damages claims and must entertain them.[5] In adjudicating them, the Court would necessarily be adjudicating the key issue involved in the declaratory judgment action: whether Defendant has a duty to defend. That being so, it would be extremely duplicative and thus inefficient, and otherwise serve little purpose, to do what Plaintiffs propose: have the declaratory judgment claim proceed in state court.

As for factor two, the declaratory portion of this action would serve a useful purpose in clarifying the legal relations at issue in this case; that is, a determination in this case would clarify the legal relations of the parties as to Defendant's duty to defend Plaintiffs in the Underlying Litigation. The Sixth Circuit's remarks in *Massachusetts Bay Ins. Co. v. Christian Funeral Directors, Inc.,* 759 F. App'x 431 (6th Cir. 2018), are instructive here:

> Here, the district court found that "the only legal relationship presented to the Court is whether [the] Mass. Bay policy will cover actions taken by [the

---

[5] "We have often acknowledged that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996). True, this strict duty does not apply "where abstention is warranted," *see id.*, but Plaintiffs have set forth no basis for the Court to abstain from hearing the damages claims. And Plaintiffs have not asserted, and the Court does not perceive, any other conceivable basis for the Court not to entertain the damages claims if, as the Court concludes, they are within the Court's subject-matter jurisdiction.

insured]. A declaratory judgment on insurance coverage squarely clarifies that relation thereby pointing in favor of the Court exercising jurisdiction over the declaratory judgment." The district court properly exercised its discretion in making this determination.

*Id.* at 438 (citation to the record omitted). Likewise, it would be proper to exercise jurisdiction over a declaratory judgment action here as to duty to defend.

As to factor three, no one has even suggested that this action is being used merely for the purpose of procedural fencing or to provide an arena for a race for *res judicata*. This is not the situation often encountered by the courts where there is a "race to the courthouse" for a determination concerning contract interpretation or insurance coverage. The Sixth Circuit has noted:

> Primarily, "[t]he third factor is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.' " [*Scottsdale Ins. Co. v.*] *Flowers*, 513 F.3d [546] at 558 [6th Cir. 2008]] (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). "We are reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.*

*Id.* The Court here likewise finds that Plaintiffs did not act with any improper motive. While this is no doubt good news for the Plaintiffs in one respect, it actually is bad news in another sense: it is yet one more reason for the Court not to decline the exercise of declaratory judgment jurisdiction.

Factor four asks the Court whether this action would increase friction between the federal and state courts and improperly encroach on state jurisdiction. The federal courts are called on to interpret insurance contracts all the time in diversity cases. The issues before this Court (concerning breach of contract and duty to defend) are not, to the Court's knowledge, issues in the Underlying Litigation or any other state court proceeding. There is nothing about this action that, in this Court's opinion, would increase friction between this Court and the state courts.

The Court realizes that this factor can cut in favor of a federal court declining to exercise jurisdiction over a declaratory judgment action as to insurance coverage (*i.e.,* defense and/or indemnity) with respect to particular claims made by a third-party against the insured, when the third party's claims against the insured are pending in state court. After all, perhaps a federal court should just leave the entire matter—including the declaratory judgment action—in the hands of the state court, which perhaps would appreciate handling the insurance coverage dispute, since the timing and substance of its outcome could substantially impact case management of the case involving the third party's underlying claims.

Finally, the Court looks to whether there is an alternative remedy that is better or more effective. Plaintiffs have not suggested any such alternative, and the Court finds that this factor is, at best, neutral in the weighing of factors concerning abstention.[6]

Balancing all these factors, the Court has not been persuaded that it should decline to exercise declaratory judgment jurisdiction. Largely because this action involves more than a request for declaratory judgment—including as it does damages claims over which the Court cannot decline jurisdiction—the factors weigh in favor of exercising jurisdiction over the declaratory judgment claim. Thus, Plaintiffs' Motion to Remand will be denied to the extent that it alternatively would have this Court decline to adjudicate the declaratory judgment claim even while adjudicating the damages claims.

---

[6] In their Reply (Doc. No. 18), Plaintiffs failed to respond to any of Defendant's arguments concerning these factors.

## **CONCLUSION**

For these reasons, Plaintiffs' Motion to Remand (Doc. No. 8) will be denied. An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE